TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to 22 years imprisonment at hard labor, On this appeal, he relies upon two assignments of error, abandoning three others he had perfected.
We find no merit to the assignments argued. We therefore affirm:
Assignment 1: The defendant complains that the trial court erred by refusing to give a special charge relating to “identification”, which he had requested. The special charge was not submitted to the trial court in writing, La.C.Cr.P. art, 807, nor is its substance or wording contained in colloquy of counsel and the court, nor anywhere else in the record. Due to this noncompliance with procedural prerequisite, we are unable to review the merits of the assignment. It accordingly lacks reversible merit,
Assignment 4: The defendant complains of the state’s use of the testimony of Carol Carson. He does so on the ground that such testimony had previously been found to be perjured. He thus attacks the state’s alleged knowing use of perjured testimony.
Miss Carson had been convicted on the day previous to the present defendant’s trial of participating in the present robbery. *991 Her trial jury rejected her defense, which was that Rayford and his companion had coerced her into helping them. (Her testimony shows that both men were armed when she met them outside the cleaner’s, shortly before they robbed it.)
The state called Miss Carson as its witness in the present defendant’s trial. She testified before the present jury to the same effect as she had testified at her own trial. The circumstances of her testimony and conviction at the previous trial were fully revealed to the jury, as was the prosecutor’s promise to recommend leniency in her sentence if she would testify truthfully in the present trial.
Pretermitting whether the issue has been properly raised and preserved for appellate review, we find no merit to the defendant’s contention that the conviction should be set aside because of the prosecution’s alleged knowing use of perjured testimony:
At both trials, the state relied upon as truthful the witness’s testimony, insofar as it related the acts of the defendant himself in participating in the robbery. In the earlier trial of the witness herself, the state attacked only the self-exonerating testimony of the witness (i. e., that her own participation was coerced) as not credible.
Thus, there is no showing of the intentional use of false testimony to convict the petitioner. In both trials, the state relied upon as truthful the witness’s testimony of the defendant’s personal participation in the crime. This testimony is so connected with the self-exonerating portion of the testimony of the witness (which the state contested at her own trial) that the former could not be introduced without educing the latter (self-exonerating) testimony also.
The record reveals no attempt to mislead the jury (but rather full disclosure to it) concerning the state’s belief in the truthfulness of this ancillary (self-exonerating) testimony of the witness. It moreover was relatively insignificant on the issue of the defendant’s guilt, in the context of the full testimony of the witness (the same at both trials) as to the accused’s personal participation in the crime.

Decree

Accordingly, we affirm the conviction and sentence.
AFFIRMED.